**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| DILLON SIMEONE, | Case No. 3:22-cv-01561 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| CROMETRICS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## I. PRELIMINARY STATEMENT

1.     Plaintiff brings this action to remedy violations of Title I of the ADA, 42 U.S.C. § 12112 as well as supplementary state claims. Plaintiff seeks equitable relief as well as attorneys' fees and costs.

## II. JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

PAGE 1 – COMPLAINT

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

   a. On January 28, 2022, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI). BOLI co-filed the charge with the Equal Employment Opportunity Commission (EEOC).

   b. On April 27, 2022, BOLI issued a Notice of Substantial Evidence Determination.

   c. On July 19, 2022, BOLI issued Plaintiff a right to sue letter.

   d. On July 27, 2022, the EEOC issued Plaintiff a right to sue letter.

5. Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

### III. PARTIES

6. Plaintiff, Dillon Simeone (Plaintiff), is a citizen of the United States. At all times material, Plaintiff worked for defendant in Multnomah County, Oregon.

7. Defendant CroMetrics, Inc. (defendant) is a California corporation, previously registered to do business in Oregon.

8. Defendant is a person pursuant to ORS 659A.001(9).

9. At all times material to this complaint, Defendant employed one or more persons in the State of Oregon and is an employer pursuant to ORS 659A.001(4)(a).

10. At all times material to this complaint, Defendant employed at least six persons and is a covered employer under ORS 659A.106.

11. At all times relevant, defendant's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

12. On December 17, 2021, Plaintiff applied for a Full Stack Developer position with defendant Cro Metrics. The position was to work remotely from Oregon.

13. An interview was scheduled for January 10, 2022 with Lisa Gaudet, Talent Acquisition Manager, at Cro Metrics. The interview was originally scheduled to be by Zoom.

14. On January 10, 2022, Ms. Gaudet emailed Plaintiff and changed the interview to be done by telephone. Plaintiff emailed Ms. Gaudet and notified her that he is deaf and needed to use a relay service for the interview. She responded: "Thank you for your email. Unfortunately I am unable to conduct a phone interview if a relay service is required. We are unable to consider you for our position as a Full Stack Developer as it requires you to conduct Zoom meetings with our clients and internal teams."

15. Plaintiff was then informed that defendant was no longer willing to proceed with his application.

16. Plaintiff is able to participate Zoom meetings.

17. Plaintiff was discriminated and retaliated against because of his disability and request for accommodation.

## FIRST CLAIM FOR RELIEF

(ORS 659A.103 et seq. - Oregon Rehabilitation Act)

18. Plaintiff realleges all relevant paragraphs.

19. Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

20. Defendant is an 'employer' as defined at ORS 659A.106.

21. Defendant failed to engage in the interactive process with Plaintiff. Defendant failed to provide reasonable accommodations to Plaintiff, refused to interview him, and hire him because of his disability and because he requested accommodations.

22. Plaintiff could perform the essential functions of Plaintiff's job with defendant with or without the reasonable accommodations.

23. Defendant conduct violated ORS 659A.103 et seq.

24. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

25. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

26. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

27. The court should enter an order declaring that defendant violated the Oregon Rehabilitation Act.

28. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

29. Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

30. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

(Title I of the Americans with Disabilities Act)

31. Plaintiff realleges all relevant paragraphs.

32. At all times material, defendant was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

33. Plaintiff has an impairment, which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by defendant as having such impairment.

34. Defendant failed to engage in the interactive process with Plaintiff. Defendant failed to provide reasonable accommodations to Plaintiff, refused to interview him, and hire him because of his disability and because he requested accommodations.

35. Plaintiff could perform the essential functions of Plaintiff's job with defendant with or without the reasonable accommodations.

36. After Plaintiff disclosed Plaintiff's disability to defendant, defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

37. At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

38. Defendant conduct violated 42 U.S.C. § 12112.

39. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

40. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

41. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

42. The court should enter an order declaring that defendant violated the ADA.

43. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

44. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

45. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: October 17, 2022

**Law Offices of Daniel Snyder**

*s/ Carl Post*
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Attorneys for Plaintiff